LUHMAN v. NEW YORK, W. & B. RY. (two. cases).

(Supreme Court, Special Term, Westchester County. March, 1913.)

DEEDS (§ 171*)—BUILDING RESTRICTIONS—CONSTRUCTION—VIOLATIONS.

 A building restriction that only private residences be erected on certain lots, except private stables used in connection with such residences, prohibits the construction of a railroad embankment on any of the lots for the operation of trains by electric power.

 [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 450, 537–542; Dec. Dig. § 171.*]

Actions by Leonie B. Luhman and by William Luhman against the New York, Westchester & Boston Railway. Judgment for plaintiff in each case.

Bushong & Moore, of White Plains, for plaintiffs.
Graham & L'Amoreaux, of New York City, for defendant.

TOMPKINS, J. These two actions were tried separately, but they involve the same question of law. They are brought in equity, to enjoin and restrain the defendant from maintaining and operating its railroad upon and over lots 35 to 52 inclusive, on a certain map entitled "Map of Property Situate in the Village and Town of New Rochelle, Westchester County, New York, Belonging to the Estate of George G. Sickels, Deceased, Dated September, 1895, and Entitled in the Action of Daniel E. Sickels, Plaintiff, against Roma M. Mead et al., and Filed in the Office of the Register of the Said County of Westchester."

The plaintiff Leonie B. Luhman owns one-half of lot 21, of the same Sickels tract, and the plaintiff William Luhman owns lot 22 of the same tract, and the premises of both plaintiffs, as well as the defendant's premises aforesaid, are laid down upon the same map, and were conveyed respectively by deeds reciting a reference to said map, and all of said deeds contained the following covenant:

 "And the party of the second part doth hereby covenant unto the respective purchasers of lots laid down on said map, that all the buildings upon the several lots laid down on said map, excepting the buildings upon lot No. 14, must be removed by the purchasers of said lots within ninety days from this date

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that as to all lots on said map excepting those fronting on North avenue, no other than private residences costing not less than $3,000.00 each shall be erected on said lots and that all such buildings shall be built at least fifteen feet back from the line of the street or avenue as shown on said map. The aforesaid covenant is not to prevent the building of a private stable on the rear of any lot on which residences may be built and in connection with such residence. And the said party of the second part doth hereby covenant with the respective purchasers of the several lots laid down on said map and each and every of them, their and each of their heirs and assigns will not at any time erect or permit on any part of said lots, any slaughterhouse, smith shop, forge, furnace, steam engine, brass foundry, nail or iron foundry, or manufactory of gunpowder, glue, varnish, vitriol, ink or turpentine or for the tanning, dressing or preparing skins, hides or leather or any brewery, distillery or other noxious or dangerous trade or business."

The defendant acquired its said lots 35 to 52 for the purpose of building and operating thereon a railway, and has constructed upon and across said lots a railroad embankment, upon and over which railway trains are being operated by electric power, and the question of law presented by these suits is whether such use of its lands by the railroad company is in violation of the covenant in said deeds above quoted. The words in the covenant, which the plaintiffs claim entitle them to maintain this action, are: "No other than private residences costing not less than $3,000 each shall be erected on said lots, and that. all such buildings shall be built at least fifteen feet back from the line of the street or avenue as shown on said map." Do those words prohibit the building and operation of a railroad across said property?

In other actions against this same defendant, growing out of its acquisition and use of similar property, in the same neighborhood as the plaintiffs', the courts have held that the covenants were broken. Flynn v. New York, W. & B. R. R., 139 App. Div. 199, 123 N. Y. Supp. 759; Stehlin v. City and County Contract Co. (no opinion written).

In these cases, the covenants were in different language from the covenant in the case at bar. In the Stehlin Case, the covenant read, "As to all lots on said map, except those fronting on North avenue, no building other than private residences costing not less than $3,000 shall be erected"; and it was held that the defendant's embankment and railway was a building, within the meaning of the covenant.

In the Flynn Case, the covenant read, "No building or structure for any business purpose whatsoever shall be erected on said premises"; and, of course, it was held that a railroad embankment was a building or structure, for a business purpose, so that neither of these two cases are exactly in point.

It is claimed on the part of the defendant that this covenant only forbids the erection of any residence other than a private residence, costing not less than $3,000, and that there is no prohibition against the erection of any other building or structure, or against the carrying on of any trade or business except certain trades specifically mentioned in the second paragraph of the restrictions, and the familiar rule that a restrictive covenant is to be construed strictly against the grantor and against the enforcement of the covenant is invoked.

I think the words "no other than private residences costing not less than $3,000 each shall be erected on said lots," and the other words

used in the covenants, were intended by the parties to mean, and do mean, that no building or structure of any character shall be erected. on said lots, except private residences and private stables on the rear of lots on which residences may be built, and in connection with such residences, and that therefore the defendant has broken the covenant and violated the restrictions contained in the deed by which it acquired its said lots, and that the plaintiffs are entitled to judgment inasmuch as they purchased their property in reliance upon said covenants, and the same were contained in all deeds from the common grantor.

In the case of Leonie B. Luhman, the damage to her property by reason of the defendant's structure and the operation of its trains, I find to be the sum of $2,800, and the depreciation in the rental value from September 27, 1911, the sum of $15 per month, and the fee damage suffered by the plaintiff William Luhman, $900, and the damage to the rental value $2 per month. The plaintiffs are each entitled to a bill of costs, but without additional allowances. These were not difficult and extraordinary cases. Submit findings in accordance herewith.