delivered by the defendant to the plaintiff. No change was made, however, in the provisions for costs. As the plaintiff had been successful as to some of the articles for which the action was brought, she was entitled to costs, based upon their agreed value.

Judgment, as modified in the court below, is further modified, by striking therefrom the provision for costs to the defendant, and inserting instead, "$15 costs to the plaintiff," and, as thus modified, affirmed, with $10 costs to the appellant. All concur.

---

### DIAMOND v. NEW YORK, W. & B. RY. CO.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. COVENANTS ⊗⟳79—RESTRICTIONS AS TO USE—PERSONS ENTITLED TO ENFORCE.

    Where lots were sold pursuant to a general building scheme, which prohibited the erection upon the lots of buildings other than private dwellings, and the sale was advertised as one of property in a restricted district, landowners, the value of whose property was depreciated by the construction of a railroad right of way across other lots in violation of the covenant, may recover for the breach of the covenant, though their property was not actually taken.

    [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 78–82; Dec. Dig. ⊗⟳79.]

2. COVENANTS ⊗⟳124—BREACH—DAMAGES.

    Where land in a district was sold subject to general restrictive covenants, which were limited to expire on a fixed date, damages to the fee for breach of the covenant are limited to the life of the covenant, and the depreciation in rental value or enjoyment of the property from the time of breach to the expiration of the covenant is all that can be recovered.

    [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 225–230, 255, 256, 259; Dec. Dig. ⊗⟳124.]

3. COVENANTS ⊗⟳84—RESTRICTIVE COVENANTS—OBLIGATIONS OF.

    Where defendant had no notice that a lot was sold subject to a restrictive covenant, and the deed to the grantees of the lot failed to contain the covenant, the fact that it was sold under an advertisement declaring that the sale was subject to restrictions does not render defendant, a subsequent grantee, liable for violation.

    [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 90–92; Dec. Dig. ⊗⟳84.]

Appeal from Special Term, New York County.

Action by Joseph Diamond against the New York, Westchester & Boston Railway Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Ralph Polk Buell, of New York City, for appellant.

James F. McKinney, of New York City, for respondent.

SMITH, J. By the judgment appealed from the defendant has been permanently enjoined from operating its railroad over a certain portion of its right of way, or, in the alternative, directed to pay to the plaintiff $4,200, damage to the fee value of plaintiff's property

caused by the operation of said road, and directing that plaintiff recover of the defendant $1,347, with interest from January 15, 1915, as damage to the rental value of said properties to said date. The plaintiff's contention is that the defendant is trespassing upon certain of the easements attached to his ownership of certain lots, for which no compensation has been paid.

[1] For some time prior to October 9, 1897, there was a large tract of land abutting upon either side of West Farms road, in the borough of the Bronx, which was known as part of the Neill estate. Under the will of J. Josepha Neill, who had died prior to that time seised of said lands, the executors divided up different portions of the lands in city lots and undertook to sell them at different sales at auction. The land south of the West Farms road was advertised for sale upon the 9th day of October, 1897, and in the advertisement of the sale it was stated that the land on the West Farms road would be sold without restrictions, but that the deeds to purchasers at said sale of all other lots would contain certain restrictions. In a general way, those restrictions provided that no building should be erected upon said lots, other than private buildings, which should be at least two stories in height, with a cellar underneath and with a peak or mansard roof; that the front walls of said buildings should be set back at least 10 feet from the front line of the lots; that upon said lots there should not be erected any shop, factory, mill, livery stable, flat, tenement, or house designed for or occupied by more than two families, or any bar, barroom, saloon, or other place for the sale of ales, wines, or liquors, or any trade or vocation which creates bad smells or noises, or which is dangerous, noxious, or offensive, or render the neighborhood unfit for private residence. It was further provided that these restrictions not only should bind the purchasers, but should run with the land and bind the heirs and assigns of the purchasers. The lots thus advertised for sale at that time were sold either upon the day of the sale or thereafter, and all of them, except the lots upon the West Farms road, were sold subject to the restrictions. Among the lots upon the south side of the West Farms road, and subject to these restrictions, the plaintiff is the owner of seven. The defendant has constructed a steam and electric railroad over a large number of the said lots. The contention of the plaintiff is that the building by the defendant of its railroad upon these lots subject to these restrictions was a violation of the restrictions, of which violation the plaintiff might complain, because of the diminution in value of his lots, though not themselves taken.

Under the authority of Flynn v. N. Y., Westchester & Boston R. R. Co., 139 App. Div. 199, 123 N. Y. Supp. 759, and of Luhman v. N. Y., Westchester & Boston R. R. Co., 81 Misc. Rep. 537, 142 N. Y. Supp. 860, affirmed 163 App. Div. 964, 148 N. Y. Supp. 1127, the building of the defendant's road upon these lands would seem to be a violation of the restrictions under which those lands were held. The sale of the lands advertised to be sold together under similar restrictions gave to each purchaser the right to insist upon the covenants implied in the restrictions, and the right to damages for a violation of those cove-

nants. This proposition is clearly stated in the case of Korn v. Campbell, 192 N. Y. 495, 85 N. E. 687, 37 L. R. A. (N. S.) 1, 127 Am. St. Rep. 925. The opinion in that case discusses several classes of cases. Among them is mentioned the first class as embracing:

"All the various plans, generally denominated in the English cases as 'building schemes,' under which an owner of a large plot or tract of land divides it into building lots to be sold  *  *  *  by deeds which contain uniform covenants restricting the use which the several grantees may make of their premises."

It is there stated:

"In such cases the covenant is enforceable by any grantee as against any other, upon the theory that there is a mutuality of covenant and consideration which binds each, and gives to each the appropriate remedy."

It would thus appear that the plaintiff can justly complain of the defendant's violation of the restrictions contained in the deeds upon which the property was sold, and as to this property the sole question remains as to the measure of damages.

[2] The judgment appealed from gives to the plaintiff damages for the injury to the rental value of the property to January 15, 1915, and damages for injury to the fee value, as it is called, thereafter. In the advertisement under which the property was sold, and in the several deeds, the restrictions were limited in time to the 1st of January, 1917. If the damage to the fee value had been limited to such damage as was caused by the existence of the restrictions to that date, plaintiff would have no ground of complaint; but from the sum given it is apparent that there was no such limitation. Under the restrictions in the deeds, limited as they are to the 1st of January, 1917, the plaintiff would be paid his full damage if he received the rental value of his property from the date the restrictions were broken up to January 1, 1917, and that we deem to be the correct measure of damages in this case.

Thereafter the plaintiff purchased five other lots under further sales upon the north side of the West Farms road. Four of these lots were upon the West Farms road, and were not themselves subject to the restrictions, and from the nature of the restrictions and of the surrounding property we are of the opinion that it was not intended to give to the purchasers of those lots the benefits of the restrictions imposed upon other lots in such sale. One of said lots, however, did not adjoin the West Farms road, and was sold subject to the restrictions upon a sale made under like circumstances as the sale of the property south of the West Farms road.

[3] The defendant company has upon the north of the West Farms road put its tracks over four of the lots which were advertised to be sold under similar restrictions, but the deeds given by the executors of the estate to the grantees of these four lots did not contain these restrictions. There was, therefore, no record of these restrictions which would give to the defendant any notice thereof upon its purchase of these lots, and there is no proof of actual notice thereof. It cannot be claimed, therefore, that the defendant, without proof of notice, either actual or by record, of any restrictions upon the lots purchased, has violated any of plaintiff's rights, and for injury to the

rental value of lot 226 plaintiff would seem to have no right of action against the defendant. It does not appear when lot 226 was purchased, or under what advertisement it was purchased. The first auction sale seemed to cover the lots upon the south of the West Farms road only, and there is nothing in the case that shows that the purchaser of lot 226 upon the north side would have any right to claim any damages from the defendant for violating the restrictions upon the lots south of the West Farms road. Moreover, even if technically a right existed, the separation of West Farms road and the exemption of all of the lots upon that road from any restrictions whatever would seem to negative the conclusion that lot 226 upon the north of that road was to any material extent damaged by defendant's infringement of restrictions as to lots south of the road.

The following findings of fact of the court below should be reversed: 5, 6, 7, 10, 22, 23, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53. Finding 54 should be modified, so as to read as follows:

"That by reason of the premises plaintiff's property has been and will be damaged in its rental value in the sum of $25 per month in each month from January 15, 1911, to January 1, 1917."

It follows that plaintiff should have judgment for the aggregate of the sums mentioned in finding 54, with interest on each of said monthly sums coming due before the entry of this judgment from the date upon which it became due to the date of the entry. Judgment should be so modified, and, as modified, affirmed, without costs to either party. Settle order on notice. All concur.